

## OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

February 11, 1947

Hon. Thomas E. Hayden, Jr.          Opinion No. V-08
District Attorney
42nd District                       Re:  Authority for is-
Abilene, Texas                           suance and form of
                                         writ by Court to
                                         procure attendance
                                         of convict as wit-
                                         ness.

Dear Sir:

     You request advice from this Department as follows:

     "As District Attorney of the 42nd Judicial District of Texas, I have a case to be tried in which a material witness is now confined to the State Penitentiary at Huntsville; and I have written the Texas Prison System at Huntsville asking what papers they require in order to release him to the Sheriff of Taylor County so that he might appear as a witness. The authorities at Huntsville wrote your department on or about September 23, 1946, in which they received a reply in Opinion Number O-7426, as follows:

     'The Texas Prison System authorities may release a prisoner for trial or as a material witness on the furnishing of a bench warrant.'

     "It is my understanding of the law that a bench warrant can only be issued for the defendant, and I know of no rule of law that would permit a bench warrant for a witness. I would like for you to advise me concerning this matter. It is my opinion that if a subpoena with attachment was issued that the witness could be released to the Sheriff of Taylor County, who, in return, would take the prisoner back to Huntsville after the trial. Please advise me concerning this

matter. If I cannot obtain this witness,
then I will have to dismiss the case now
pending."

It is within the power of a court to compel
the attendance as a witness of a person confined in
State prison when it appears to the satisfaction of
the court that such attendance is necessary. 70 C. J.
41, "Witnesses", Sec. 14; 18 C. J. S. 110, "Convicts",
Sec. 9b.

The power was impliedly recognized in Lee v.
State, 70 S. W. (2d) 190, by the Court of Criminal Ap-
peals, wherein the process was termed a "bench war-
rant".

That the court may issue writs and process
not specifically described or in situations not spe-
cifically contemplated by statute is expressly recog-
nized in Ex Parte Lowe, 251 S. W. 506, by the Court
of Criminal Appeals, wherein a warrant issued by the
Court directed to the Sheriff of McLennan County com-
manding delivery of a defendant charged in Hill Coun-
ty to the Sheriff of Hill County to the end that de-
fendant might be present and attend his trial in the
District Court of Hill County was held to be within
the powers of the District Court of Hill County.
There the defendant was in custody under a charge of
lunacy in McLennan County. And the writ was termed
a "Bench Warrant."

We doubt that it matters whether the writ
be termed a "bench warrant" or an "attachment." We
are also of the opinion that a subpoena is not nec-
essary and that the writ may issue upon determina-
tion by the court that the witness is required in
order to attain the ends of justice.

This Department by Opinion 0-7426 held, in
the same authority, that the Texas Prison System
might release a prisoner as a material witness upon
the furnishing of a "bench warrant" in form attached
to that opinion. We are enclosing a copy of 0-7426
with the form attached.

### SUMMARY

Court may issue writ designed to pro-
cure attendance of an inmate of a State

Penitentiary as a witness in a pending criminal action, and no subpoena is necessary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *[signature]*

Ned McDaniel
Assistant

NM:jt
Enc. 1

APPROVED FEB. 11, 1947

*[signature: Price Daniel]*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE BY B.W.B., CHAIRMAN